UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER PEGUES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  20-4178 |
| | ) |
| LIBERTY HEALTHCARE CORP., *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

Plaintiff[1] alleges that restrictions TDF officials imposed in response to the Covid-19 pandemic resulted in the denial of treatment designed to address the mental health conditions that led to his confinement. Plaintiff also alleges that TDF officials failed to properly wear personal protective equipment and observe social

---

[1] This Order applies only to Plaintiff Pegues. The Court severed the claims asserted by Plaintiffs Seidler and Sharifpour. (Doc. 14).

distancing recommendations, thereby exposing him to an unreasonable risk of contracting the Covid-19 virus.

Plaintiff states a Fourteenth Amendment claim for the denial of adequate mental health treatment against the named defendants. *Allison v. Snyder*, 332 F.3d 1076, 1079-80 (7th Cir. 2003); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff also states a Fourteenth Amendment conditions-of-confinement claim for the alleged exposure to a higher risk of contracting Covid-19 against Defendants Jumper, Scott, and Perez. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019).

**It is therefore ordered:**

1.  Plaintiff's Petition to Proceed in forma pauperis [6] is granted.

2.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for inadequate mental health treatment against the named defendants and a Fourteenth Amendment conditions-of-confinement claim against Defendants Jumper, Scott, and Perez. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.  This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4.  The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have

been served, the court will enter an order setting discovery and dispositive motion deadlines.

    5.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    6.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    7.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

    8.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9.  The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to attempt service on the named defendants pursuant to the standard procedures.

Entered this 15th day of December, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE